# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | |
|---|---|
| BETH A. KIRK, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 09-5068-CV-SW-GAF-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant. | ) |

## ORDER

Plaintiff filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381, *et seq.* The claim was denied initially. On June 26, 2007, following a hearing, an administrative law judge ("ALJ") found Plaintiff was not under a "disability" as defined in the Act.

The ALJ found Plaintiff had severe disorders of the back, an affective disorder, and a substance addiction disorder, but did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform light work with several nonexertional limitations. The ALJ concluded that Plaintiff's impairments would preclude her from performing her former work, but would not prevent her from performing other work existing in substantial numbers in the national economy. Consequently, the ALJ found Plaintiff was not disabled.

On July 17, 2009, after reviewing additional evidence, the Appeals Council of the Social Security Administration denied Plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision of supported by substantial evidence on the record as a whole. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *See Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008).

As long as substantial evidence in the record supports the Commissioner's decision, the court may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because the court would have decided the case differently. *See Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001). Evidence that both supports and detracts from the Commissioner's decision should be considered, but an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *See Finch*, 547 F.3d at 935 (citing *Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004)); *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) ("[E]ven if inconsistent conclusions may be drawn from the evidence, the decision will be affirmed where the evidence as a whole supports either outcome."). The Court should "disturb the ALJ's decision only if it falls outside the available 'zone of choice.' A decision is not outside that 'zone of choice" simply because we may have reached a different conclusion had we been the fact finder in the first instance." *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) (citations omitted). The Eighth Circuit has also noted that it "defer[s] heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

To establish entitlement to benefits, Plaintiff must show she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 42 U.S.C. §

1382c(a)(3)(A). In *Barnhart v. Walton*, 535 U.S. 212 (2002), the Supreme Court upheld the Commissioner's interpretation of this statutory definition, which requires that the disability, and not only the impairment, must have existed or be expected to exist for 12 months.[1]

Initially, it is important to note that credibility questions concerning a Plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." *See Baldwin*, 349 F.3d at 558. To analyze a claimant's subjective complaints of pain, the ALJ must consider the entire record including the medical records, third party and Plaintiff's statements, as well as such factors as: 1) the claimant's daily activities; 2) the duration, frequency and intensity of pain; 3) dosage, effectiveness, and side effects of medication; 4) precipitating and aggravating factors; and 5) functional restrictions. *See* 20 C.F.R. § 416.929 (incorporating and expanding upon *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)).

Here, the ALJ acknowledged the *Polaski* factors in assessing credibility. The ALJ first considered Plaintiff's subjective allegations, including that she is disabled due to neck and back pain, pain in her right arm, and difficulty bending, stooping, walking, and using her arms. He noted that Plaintiff alleged mental and emotional impairments, including depression, suicide attempts, hallucinations, PTSD, flashbacks, and panic attacks. He also noted that Plaintiff alleged leaving the house only two to three times per month because she is nervous and afraid around people.

After considering Plaintiff's subjective allegations, the ALJ determined that Plaintiff's allegations of disabling impairments were not consistent with the objective medical evidence. Although Plaintiff alleged severe pain, physical examinations consistently showed that she had

---

[1] Upon review of the record and the law, the Defendant's position is found to be persuasive. Much of the Defendant's brief is adopted without quotation designated.

normal strength, a normal gait, and a normal range of motion in the extremities. X-rays showed an old compression fracture at L1, but there was no evidence of treatment for back pain after 2006. Even then, Plaintiff was taking only over-the-counter pain medication for her back pain. *See Clevenger v. Soc. Sec. Admin.*, 567 F.3d 971, 976 (8th Cir. 2009) (ALJ may consider that a claimant primarily used only over-the-counter pain-relief remedies to relieve symptoms). Additionally, while Plaintiff complained of right arm pain and numbness, she also reported moving furniture and boxes.

With regard to mental impairments, Plaintiff had a history of abuse and an affective disorder, but the evidence showed that she experienced improvement with medication. Indeed, Plaintiff consistently reported doing "very well" or "fairly well" on medication. The ALJ also noted that Plaintiff reported no significant or disabling adverse side effects from medication. The only side effect she reported was cramping in the legs, and she testified that she managed this side effect with muscle relaxers. In addition, treatment notes show that despite her mental impairments, Plaintiff was generally intact cognitively and intellectually. Plaintiff's allegations of disabling mental impairments are also inconsistent with her lack of counseling. Although Plaintiff participated in group therapy at various times in 2004 and 2005, it appears she did not seek regular individual counseling until after the administrative hearing in May 2007. This lack of ongoing counseling provides further support for the ALJ's decision. *See Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) (absence of evidence of ongoing counseling or psychiatric treatment or of deterioration or change in claimant's mental capabilities disfavors finding of disability) (citing *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)).

When the ALJ articulates the inconsistencies on which he relied in discrediting Plaintiff's subjective complaints, and when those inconsistencies are supported by the record, the credibility

determination should be affirmed. *See Eichelberger*, 390 F.3d at 590; *Baldwin*, 349 F.3d at 558. Here, the ALJ articulated the inconsistencies upon which he relied in discrediting Plaintiff's testimony regarding her subjective complaints. Substantial evidence in the record as a whole supports this finding, that Plaintiff was not credible to the extent she claimed she was disabled.

Plaintiff argues that the ALJ improperly assessed her residual functional capacity ("RFC"). Specifically, Plaintiff alleges that the RFC finding is not supported by substantial medical evidence and that the medical evidence proves that she has no ability to perform work.

It is the claimant's burden to prove his or her RFC. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (citing *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000)). A claimant's RFC is based upon all the relevant evidence of his or her remaining ability to do work despite his impairments. *See* 20 C.F.R. § 416.945; *see also Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (citing *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004)). It is the ALJ's responsibility to determine RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's description of his limitations. *See Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)).

Here, the ALJ considered Plaintiff's subjective allegations, as well as the objective medical evidence and medical opinions, in assessing RFC. After considering the relevant evidence, the ALJ incorporated into the RFC assessment those limitations he found credible. The ALJ found Plaintiff retained the RFC to perform light work involving six hours of sitting and two hours of standing/walking in an eight-hour workday; no frequent stooping or bending; no fine manipulation with her right hand; and permission to alternate sitting and standing. Additionally, Plaintiff was

limited to simple, routine, low-stress work, involving minimal interaction with the public or co-workers.

Plaintiff does not dispute the propriety of the ALJ's RFC assessment with respect to her physical limitations. Rather, Plaintiff argues that her mental limitations preclude her from performing any basic work functions. However, the ALJ's RFC assessment is supported by medical evidence in the record.

Despite Plaintiff's allegations to the contrary, the evidence shows that after 2005, she did not require the use of a domestic abuse and substance abuse shelter. As Plaintiff herself notes, she continued to use medications, which stabilized her emotionally and mentally. In addition, Plaintiff apparently did not seek individual counseling until after the administrative hearing. Although Plaintiff's treatment providers recommended follow-up visits, the record indicates that even in the months just before the hearing, she was doing well on her medication and was cognitively and intellectually intact.

Plaintiff argues that based on Dr. Brooks's opinions, she is unable to perform any work functions. However, the ALJ properly discredited Dr. Brooks's first opinion, as it was merely the opinion of a consultative examiner (not a treating source) and was not consistent with other substantial medical evidence indicating that Plaintiff's symptoms were well-controlled with medication. *See* 20 C.F.R. § 416.927; *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) (ALJ need not give controlling weight to treating physician's opinion that is inconsistent with other substantial evidence in the record). Dr. Brooks's second opinion, issued well after the date of the ALJ's decision, is not relevant to the SSI application at issue in this case. *See* 20 C.F.R. § 416.330 (an application is effective through the date of the ALJ's decision). However, even considering this

opinion, the Appeals Council found that the ALJ's decision was proper. Dr. Brooks's second opinion was issued eight months after she last saw Plaintiff. There is no indication in the opinion that Dr. Brooks actually examined Plaintiff or had any information regarding her daily activities when she provided the opinion. In the months before the ALJ's decision, Plaintiff was doing well on medication, and Dr. Brooks herself noted that she was neat and clean in appearance, exhibited adequate personal hygiene, made appropriate eye contact, was very cooperative, and demonstrated an appropriate range of affect. Even in the two counseling sessions after the hearing, where Plaintiff reported difficulty getting out of bed and difficulty with life stressors such as paying bills, Dr. Brooks indicated her progress was "good." In light of these inconsistencies, the ALJ and Appeals Council were correct in not assigning greater weight to Dr. Brooks's opinions.

Plaintiff also argues that, based on the general symptoms of various mental impairments, including periods of remission or stability, any evidence demonstrating that she was doing well is essentially irrelevant. Plaintiff points to no evidence showing that despite such "periods of stability" she was actually incapable of performing work. Rather, she cites to generalized statements in the regulations and case law suggesting that periods of remission do not indicate that a claimant's disability has ceased. Plaintiff conclusively states that the medical evidence "uniformly indicates that the stress of any sustained work is more than [she] can handle," without actually citing any such medical evidence. In fact, the medical evidence indicates that Plaintiff was capable of functioning on a day-to-day basis when she complied with her prescribed medications. Although Plaintiff had difficulty being around others and performing complex tasks, the ALJ accounted for these limitations by restricting her to simple, routine, low-stress work involving little interaction with co-workers or the public. The ALJ's assessment of Plaintiff's RFC is supported by substantial evidence.

After assessing Plaintiff's RFC, the ALJ found that she could not return to her past relevant work. The ALJ then recognized that, at step five of the sequential evaluation process, the burden shifts to the Commissioner to show "other work" that Plaintiff could perform. The Commissioner may satisfy this burden through the testimony of a vocational expert. *See* 20 C.F.R. §416.966(e). The ALJ posed a hypothetical question to the vocational expert based on Plaintiff's age (45), education (GED), and RFC. The vocational expert testified that the hypothetical person could perform work as a folding machine operator, small parts assembler, and photo copy machine operator. Such testimony constitutes substantial evidence supporting the Commissioner's decision. *See Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005).

Plaintiff argues that additional evidence she submitted to the Appeals Council after the administrative hearing warrants remand in this case. In particular, Plaintiff requests remand so that the ALJ can consider additional evidence relating to her mental health treatment. As discussed below, the additional evidence submitted by Plaintiff does not warrant remand in this case.

After the ALJ issued his decision, Plaintiff submitted 24 pages of evidence to the Appeals Council. This evidence included a statement of recent medical treatment, medical records from Ms. Hansen at Ozark Center, progress notes from Dr. Brooks, and a new medical source statement from Dr. Brooks. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, specifically noting that it had considered the additional evidence she had submitted.

As a threshold matter, some of the evidence Plaintiff submitted to the Appeals Council was already in the record before the ALJ, and therefore, was not new. Medical records from Ms. Hansen during the relevant time period were included in the evidence submitted to the ALJ and were again

8

considered by the Appeals Council. Thus, Plaintiff's argument this evidence is "new and material," and therefore requires remand, is not accurate.

Next, the second medical opinion from Dr. Brooks, dated April 29, 2008, postdates the ALJ's decision, and therefore, is irrelevant to the current SSI application. The Commissioner's regulations provide that an application is effective through the date of the ALJ's decision. If Plaintiff believes that her condition has deteriorated after that date, and that she now meets the requirements of disability as set out in the Social Security Act, she should file a new application. 20 C.F.R. 416.330. New evidence submitted could be the basis of a new application. *See Riley v. Shalala*, 18 F.3d 619, 623 (8th Cir. 1994); *see also Thomas v. Sullivan*, 928 F.2d 255, 261 n.8 (8th Cir. 1991).

Plaintiff argues that it is not clear what additional evidence the Appeals Council considered, and therefore, remand is necessary. However, the text of the Appeals Council's decision clearly states that it considered "the additional evidence listed on the enclosed Order of the Appeals Council." The additional evidence listed on this Order includes Plaintiff's statement of recent medical treatment, treatment notes from Ms. Hansen at Ozark Center, treatment notes from Dr. Brooks, and Dr. Brooks's second medical source statement. It is apparent from the record that the Appeals Council considered all this evidence in denying Plaintiff's request for review.

Plaintiff argues that remand is appropriate under *Gartman v. Apfel*, 220 F.3d 918, 920 (8th Cir. 2000). However, Plaintiff's reliance on *Gartman* is misplaced. In *Gartman*, the Eighth Circuit remanded the case because it could not determine whether the treating physician's revised opinion was part of the "additional evidence" considered by the Appeals Council. *See id.* Here, however, all of the additional evidence is included in the administrative record as Exhibits AC-1 through AC-4. Unlike in *Gartman*, the Court here can readily determine what the evidence the Appeals Council

considered. The Appeals Council's decision states that it considered Plaintiff's statement of recent medical treatment; treatment notes from Ozark Center; treatment notes from Dr. Brooks; and a second medical opinion from Dr. Brooks. Subsequently, the Appeals Council found that, even in light of this new evidence, the ALJ's decision was supported by the record as a whole. In these circumstances, remand is not appropriate. *See Flynn v. Chater*, 107 F.3d 617, 621 (8th Cir. 1997) (citing *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994)); *Carlson v. Chater*, 74 F.3d 869, 871 (8th Cir. 1996) (citing *Riley*).

Even considering the additional relevant evidence from Dr. Brooks, the ALJ's decision is supported by substantial evidence based on the record as a whole. Although Plaintiff discussed situational stressors, including eviction and relationship issues, she also stated that she was doing "okay." She was on time for her sessions, indicating she was able to remember her appointments. While she continued to experience mental symptoms, the treatment records do not indicate that her mental impairments had progressed to the point of being disabling. As discussed, at each session, the record indicates her progress was "good." This evidence alone does not outweigh the evidence indicating that Plaintiff was able to function when she complied with her medications. It does not require remand for further consideration by the ALJ.

The record in this case indicates that the Appeals Council considered all the evidence that Plaintiff submitted and found that the ALJ's decision was supported by substantial evidence.

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: July 26, 2010